# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LUIS R. CRUZ,
                    Appellant,

         v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBERS
NY-0752-20-0029-I-1
NY-0752-20-0029-C-1

DATE: April 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

William Edward O'Connor, Fort Buchanan, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1    The agency has filed petitions for review of the initial decision reversing the appellant's removal in *Cruz v. Department of Defense*, MSPB Docket No. NY-0752-20-0029-I-1, and the compliance initial decision granting the appellant reinstatement with back pay in *Cruz v. Department of Defense*, MSPB Docket No. NY-0752-20-0029-C-1.  Because these petitions for review concern

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the same underlying facts and their legal resolutions are interdependent such that joinder will expedite their processing without adversely affecting the parties' rights, we JOIN them for adjudication pursuant to 5 C.F.R. § 1201.36(a)(2), (b). For the reasons discussed below, we GRANT the agency's petitions for review, VACATE the initial decision and the compliance initial decision, and DISMISS the now joined appeals for lack of jurisdiction.

## BACKGROUND

¶2      The Adjutant General of the Puerto Rico Army National Guard (PRARNG) employed the appellant as a GS-07 Transportation Assistant. *Cruz v. Department of Defense*, MSPB Docket No. NY-0752-20-0029-I-1, Initial Appeal File (IAF), Tab 7 at 20. It is undisputed that in this position, the appellant was required to meet the following conditions of employment: (1) be a dual status military technician as defined in 10 U.S.C. § 10216(a); (2) be a member of the National Guard; (3) hold the military grade specified by the Secretary concerned for that position; and (4) wear the appropriate military uniform while performing duties as a dual status military technician. IAF, Tab 7 at 6, Tab 8 at 4; 32 U.S.C. § 709(b); *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1383 (Fed. Cir. 2020).

¶3      In a June 2019 memorandum, the PRARNG informed the appellant that a Qualitative Retention Board (QRB) did not select him for retention in the Army National Guard. IAF, Tab 7 at 18. Accordingly, the appellant was honorably discharged from the PRARNG in October 2019. IAF, Tab 7 at 18, Tab 16 at 10. That same month, the PRANG informed him that he would be discharged from his technician employment as a Transportation Assistant based on his loss of his military membership, effective November 2019. IAF, Tab 7 at 19. He was separated from his Transportation Assistant position on November 22, 2019. *Id.* at 20-21.

¶4 The appellant filed this appeal of his separation, arguing that he was denied due process and "there [was] no evidence to support the agency's action and the action [was] otherwise unwarranted." IAF, Tab 1 at 6. The agency filed a motion to dismiss, arguing, as relevant here, that the Board is without jurisdiction to hear his appeal because his separation was based entirely upon his loss of his military membership, which was in turn based on fitness for duty in a reserve component. IAF, Tab 7 at 9-12. In such a case, the agency argued, the appellant's separation was appealable only to the PRARNG Adjutant General. *Id.* at 10, 12-13.

¶5 The appellant withdrew his request for a hearing, and the administrative judge issued an initial decision based on the written record. IAF, Tab 14 at 4, Tab 17, Initial Decision (ID). She found that, pursuant to the National Defense Authorization Act for Fiscal Year 2017 (NDAA for 2017), the appellant was a chapter 75 employee, and thus the Board had jurisdiction over his separation. ID at 2-4. She determined that he was separated based on a charge of failure to meet a condition of employment—in this case, the maintenance of his military status. ID at 4. The administrative judge found that she was precluded from reviewing the merits of the agency's determination regarding the appellant's loss of military membership but not whether the appellant, as a covered employee, was denied constitutional due process. *Id.* She determined that the agency denied the appellant his due process rights when it failed to provide an opportunity to respond to its separation notice. ID at 4-5. As a result, the administrative judge reversed the removal action and ordered the agency to cancel the removal and retroactively restore the appellant, effective November 22, 2019. ID at 5-6. The administrative judge ordered the agency to provide interim relief to the appellant in accordance with 5 U.S.C. § 7701(b)(2)(A) if a petition for review was filed by either party. ID at 7.

¶6 Subsequently, the appellant filed a petition for enforcement of the interim relief order. *Cruz v. Department of Defense*, MSPB Docket No. NY-0752-20-0029-C-1, Compliance File (CF), Tab 1. The agency responded, rearguing that

the Board lacks jurisdiction over the appellant's removal and that the agency is prohibited by statute from reinstating the appellant and placing him in a pay status, pending the outcome of the petition for review. CF, Tab 7 at 4-6. The administrative judge issued a compliance initial decision granting enforcement of the interim relief order. CF, Tab 8, Compliance Initial Decision (CID) at 1, 3. She reasoned that there was no authority to support reversal of the interim relief order. CID at 2.

¶7 The agency has filed a petition for review and a compliance petition for review. Petition for Review (PFR) File, Tab 1; Compliance Petition for Review (CPFR) File, Tab 1. The appellant has responded to the agency's petition for review and moved to dismiss the petition, alleging that the agency failed to provide interim relief or certify that it was in the process of doing so. PFR File, Tabs 3-4. The agency did not file a reply to the appellant's response to the petition for review, and the appellant has not responded to the compliance petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over this appeal pursuant to 32 U.S.C. § 709 because it concerns the appellant's fitness for duty in a reserve component.

¶8 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of establishing jurisdiction over his appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶9 The agency argues that the administrative judge erred in finding that dual status military technicians, such as the appellant, are considered tenured Federal employees with adverse action appeal rights regardless of the basis upon which the adverse action at issue was taken. PFR File, Tab 1 at 22. After the administrative judge issued her initial decision, but before she issued her compliance initial decision, the U.S. Court of Appeals for the Federal Circuit

issued its decision in *Dyer*, 971 F.3d 1377.  In light of that decision, we agree with the agency that the Board lacks jurisdiction over this appeal.

¶10    The administrative judge correctly found that the NDAA for 2017 provided dual status technicians with the right to appeal some adverse actions, such as removals, to the Board.  32 U.S.C. § 709(f)(5); *Dyer*, 971 F.3d at 1382; *see also* 5 U.S.C. § 7512(1)-(5) (identifying the adverse actions that a Federal employee may appeal to the Board under chapter 75).  However, this right is limited.  *Dyer*, 971 F.3d at 1382.  Specifically, section 709(f)(4) provides that actions that "concern[]" a dual status technician's "fitness for duty in the reserve components" are appealable only to the adjutant general of the jurisdiction concerned.[2]  32 U.S.C. § 709(f)(4), (g)(1).

¶11    In *Dyer*, 971 F.3d 1377, the court held that under 32 U.S.C. § 709, "termination of dual-status employment . . . as the result of separation from the National Guard" necessarily concerns fitness for duty in the reserve components.  *Dyer*, 971 F.3d at 1382-84 (citing 32 U.S.C. § 709(b), (f)(1)(A), (f)(4), (f)(6)).  As a result, it concluded that the Board does not have jurisdiction over such a termination.  *Id*. at 1384.  Here, the appellant was terminated from his dual status technician position because of the loss of his membership in the PRARNG.  IAF, Tab 7 at 19.  Thus, under the court's reasoning in *Dyer*, as well as the applicable statute, we find that the Board lacks jurisdiction over his termination.

---

[2] The NDAA for 2017 limits dual status National Guard Technician appeals of most agency actions to the adjutant general of the relevant jurisdiction when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components.  32 U.S.C. § 709(f)(4).  The law affords appeal rights pursuant to 5 U.S.C. §§ 7511-7513 concerning any activity not covered by subsection (f)(4).  32 U.S.C. § 709(f)(5).  Office of Personnel Management regulations implementing the NDAA for 2017, which became effective on December 12, 2022, state that adverse actions and performance-based removals or reductions in grade of dual status National Guard Technicians are not appealable to the Board except as provided by 32 U.S.C. § 709(f)(5).  5 C.F.R. §§ 432.102(b)(16), 752.401(b)(17); *see* Probation on Initial Appointment to a Competitive Position, 87 Fed. Reg. 67765, 67782-83 (Nov. 10, 2022).

¶12    The appellant's attorney argues the Board has jurisdiction because the Board may review his appeal as a failure to maintain a condition of employment, relying on the U.S. Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988).  PFR File, Tab 3 at 5.  In *Egan*, the Court held that the Board has limited authority to review an adverse action under 5 U.S.C. chapter 75 for reasons pertaining to a negative security clearance determination.  *Egan*, 484 U.S. at 530-31.  The court in *Dyer* found that *Egan* was inapposite to the removal of a dual status technician based on loss of National Guard membership.  *Dyer*, 971 F.3d at 1383-84.  The court reasoned that *Egan* did not concern 32 U.S.C. § 709 "at all" and Mr. Dyer's termination was not "for cause," as in *Egan*, but was "compelled by statute due [to] his failure to meet a requirement of employment provided for by statute."  *Dyer*, 971 F.3d at 1383-84.

The administrative judge erred in granting the petition for enforcement.

¶13    The administrative judge erred in granting the appellant's petition for enforcement of the interim relief order.  Our regulations do not allow for a petition for enforcement of an interim relief order.  *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 7 (2015); 5 C.F.R. § 1201.182(a)-(b).  Instead, the Board treats motions to enforce an interim relief order as a motion to dismiss the petition for review.  *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 6, *aff'd per curiam*, 208 F. App'x. 868 (Fed. Cir. 2006); 5 C.F.R. § 1201.116(d).  Nevertheless, in light of our dismissal for lack of jurisdiction, we exercise our discretion not to dismiss the agency's petition for review regardless of whether the agency complied with the administrative judge's interim relief order.  PFR File, Tab 3 at 6-7, Tab 4 at 4-5; *see Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 28 (2003) (declining to dismiss an agency's petition for review for failure to provide interim relief when the issue of the Board's jurisdiction over the appeals was not yet resolved); 5 C.F.R. § 1201.116(e) (reflecting that dismissal for failure to comply with an interim relief order is

discretionary). The appellant's motion to dismiss the agency's petition for review, therefore, is denied.

¶14    Therefore, we vacate the initial decision and the compliance initial decision and dismiss these joined appeals for lack of jurisdiction.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] On review, the agency also argues that the administrative judge erred in finding the appellant had a property interest in his employment, PFR File, Tab 1 at 11-14, and asserts that the appellant failed to state a claim upon which relief can be granted, *id.* at 14, that the Board lacks jurisdiction over his separation because it was required by statute, *id.* at 26-27, and that the Government is immune from review of military personnel decisions, *id.* at 27-28. In light of our findings here, we find it unnecessary to address those arguments.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.