## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUANITA PHILIP,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
NY-0752-18-0166-I-1

DATE: May 3, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

John Gupton and Nina A. Clarke-Brewley, Kingshill, Virgin Islands, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1     The agency has filed a petition for review of the initial decision, which found that the agency violated the appellant's due process rights and reversed the removal action taken pursuant to 32 U.S.C. § 709. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and DISMISS the appeal for lack of jurisdiction. We also DENY the appellant's motion to dismiss the agency's petition for review for failure to comply with interim relief.

## BACKGROUND

¶2        The Adjutant General of the Virgin Islands National Guard (VING) employed the appellant pursuant to 32 U.S.C. § 709(a) in a Public Affairs Specialist position at VING's Joint Force Headquarters in St. Croix, Virgin Islands. Initial Appeal File (IAF), Tab 9 at 7-8. In the position, the appellant was required to meet the following conditions of employment: (1) be a dual status military technician as defined in 10 U.S.C. § 10216(a);[2] (2) be a member of the National Guard; (3) hold the military grade specified by the Secretary concerned for that position; and (4) wear the appropriate military uniform while performing duties as a dual status military technician. 32 U.S.C. § 709(b).

¶3        In an order dated July 9, 2018, the Adjutant General honorably discharged the appellant, effective June 14, 2018, from the Army National Guard and as a reserve of the Army. IAF, Tab 9 at 9. Also, on July 9, 2018, the VING's Human Resources Officer issued a memorandum informing the appellant that she would be separated from her dual status military technician position, effective July 13, 2018, due to her loss of military membership. *Id.* at 8.

¶4        The appellant filed an appeal of her removal with the Board and requested a hearing. IAF, Tab 1 at 2, 4. The agency subsequently filed a motion to dismiss, arguing that the Board is without jurisdiction to hear her appeal because her removal from her dual status military technician position was based entirely upon her fitness for duty in the VING and the resulting failure to maintain her military

---

[2] As relevant here, a dual status military technician includes a Federal civilian employee who is employed under 32 U.S.C. § 709(b), is required as a condition of employment to maintain membership in the Selected Reserve, and "is assigned to a civilian position as a technician in the organizing, administering, instructing, or training of the Selected Reserve or in the maintenance and repair of supplies or equipment issued to the Selected Reserve or the armed forces." 10 U.S.C. § 10216(a).

membership. IAF, Tab 8 at 5, 8-9. In such a case, the agency argued, the appellant's removal is appealable only to the VING's Adjutant General. *Id.* at 9. The appellant responded, arguing that she was entitled to the procedural protections of 5 U.S.C. § 7513, which include advance written notice of a removal action and an opportunity to provide a response. IAF, Tab 13 at 6-8. Because the agency did not provide her with an opportunity to respond prior to her removal, she argued that the agency violated her constitutional right to due process. *Id.*

¶5      The appellant withdrew her request for a hearing, and the administrative judge issued an initial decision based on the written record. IAF, Tab 17 at 2, Tab 20, Initial Decision (ID). The administrative judge found that, pursuant to the National Defense Authorization Act for Fiscal Year 2017 (2017 NDAA), the appellant was a covered employee entitled to the procedural protections of Title 5 of the U.S. Code. ID at 3. She rejected the agency's argument that the Board lacks jurisdiction over the appeal because it was based on her loss of military membership; instead, she found that the appellant's removal was based on a charge of failure to meet a condition of employment—in this case, the maintenance of her military status. ID at 3-4. The administrative judge found that the statute precluded her from reviewing the merits of the agency's determination regarding the appellant's loss of military membership; she further found that the appellant, as a covered employee, was nevertheless entitled to the procedural protections of Title 5 during the removal process. ID at 5. The administrative judge therefore found that the agency denied the appellant her due process rights when it failed to provide adequate notice, an opportunity to respond, and a subsequent written decision. ID at 5. As a result, the administrative judge reversed the action, and she ordered the agency to cancel the removal and retroactively restore the appellant, effective July 13, 2018. ID at 6. The administrative judge also ordered the agency to provide interim relief pursuant to 5 U.S.C. § 7701(b)(2)(A). ID at 7.

¶6     The agency has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The appellant has filed a response to the agency's petition for review and a motion to dismiss the petition for review for failure to comply with the administrative judge's interim relief order.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of establishing jurisdiction over her appeal by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).

¶8     On review, the agency argues that the administrative judge erred in finding that dual status military technicians are considered covered employees under Title 5 regardless of the basis upon which the adverse action at issue was taken.  PFR File, Tab 1 at 19-20.  In support of its argument, the agency contends that Congress plainly limited the expansion of dual status military technicians' appeal rights to appeals that did not concern "activity occurring while the member is in a military pay status, or . . . fitness for duty in the reserve components."  *Id.* at 20-21 (quoting 32 U.S.C. § 709(f)(4)).  The agency argues that because the appellant lost her military membership as a result of a fitness-for-duty determination, the Board lacks jurisdiction over the appeal.  *Id.* at 6-7, 25.  For the following reasons, we agree with the agency that the Board lacks jurisdiction over the appeal.

¶9     While this appeal was pending on petition for review, the U.S. Court of Appeals for the Federal Circuit issued *Dyer v. Department of the Air Force*, 971 F.3d 1377 (Fed. Cir. 2020), which governs the outcome in this matter, even though the events in this matter predate the issuance of the *Dyer* decision.  *See Heartland By-Products, Inc. v. U.S.*, 568 F.3d 1360, 1365 (Fed. Cir. 2009) ("Under general principles of law, judicial decisions are given retroactive

effect."); *NV24-Keyport2 v. Department of the Navy*, 123 M.S.P.R. 263, ¶ 22 (2016) (noting that the Board generally applies case law issued while an appeal is pending); *Porter v. Department of Defense*, 98 M.S.P.R. 461, ¶¶ 11-14 (2005) (explaining that judicial decisions are given retroactive effect to all pending cases, whether or not those cases involve predecision events); *see also Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39 (stating that decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board), *aff'd*, 844 F.2d 775 (Fed. Cir. 1987). We briefly discuss the relevant facts from *Dyer*.

¶10        Mr. Dyer enlisted in the West Virginia Air National Guard (WVANG), and he was later appointed in his civilian capacity to a dual status position as a military technician. *Dyer*, 971 F.3d at 1378. Pursuant to 32 U.S.C. § 709(b), (f)(1)(A), and as a requirement to maintain his dual status position, Mr. Dyer was required to continue his membership with the WVANG. *Id.* In June 2017, the WVANG Selective Retention Review Board recommended Mr. Dyer's separation from the WVANG. *Id.* Based on this recommendation, the West Virginia Adjutant General notified Mr. Dyer that he would be separated from the WVANG on December 31, 2017. *Id.* at 1378-79. Mr. Dyer requested reconsideration, and the Adjutant General declined to overturn the separation decision.[3] *Id.* at 1379. The Adjutant General also notified Mr. Dyer that upon his separation from the WVANG, his position as a dual status technician would be terminated because he no longer fulfilled the requirement of 32 U.S.C. § 709(b). *Id.* Mr. Dyer filed a Board appeal, and the administrative judge found that the Board had jurisdiction over the appeal and that Mr. Dyer was provided with due process. *Id.* The initial decision became the Board's final decision, and Mr. Dyer petitioned the court for review. *Id.*

---

[3] Ultimately, the Adjutant General extended Mr. Dyer's term of service until June 30, 2018. *Dyer*, 971 F.3d at 1379.

¶11　　　The court found that the Board lacked jurisdiction over Mr. Dyer's appeal. *Id.* In pertinent part, the court noted that, to be employed as a dual status technician, the civilian must be a military member of the National Guard, among other requirements. *Id.* at 1380 (citing 32 U.S.C. § 709(b)(2)). The court described as "clear" the statutory language in 32 U.S.C. § 709(f)(1)(A), which states that the state Adjutant General must "promptly separate[] from military technician (dual status) employment any dual status technician who has been separated from the National Guard." *Id.* (citing 32 U.S.C. § 709(f)(1)(A)).

¶12　　　The court noted that, prior to the 2017 NDAA, any dual status technician who was separated due to the failure to maintain National Guard membership only had appeal rights to the state Adjutant General and dual status technicians were excluded from certain procedural protections under Title 5. *Id.* However, the court explained that the 2017 NDAA added a clause to section 709(f)(4) limiting the prohibition on appeal rights. Importantly, the provision at 32 U.S.C. § 709(f)(4) now states that "a right of appeal which may exist with respect to paragraph (1) . . . shall not extend beyond the adjutant general of the jurisdiction concerned <u>when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components.</u>"[4] *Dyer*, 971 F.3d at 1381 (emphasis in original). The court also noted that the 2017 NDAA amended sections related to Title 5 to allow dual status employees to be covered in some circumstances.[5] *Id.*

---

[4] The 2017 NDAA defined the term "fitness for duty in the reserve components" as referring "only to military-unique service requirements that attend to military service generally." 32 U.S.C. § 709(j)(2); *Dyer*, 971 F.3d at 1382.

[5] Office of Personnel Management regulations implementing the 2017 NDAA, which became effective on December 12, 2022, state that adverse actions and performance-based removals or reductions in grade of dual status National Guard Technicians are not appealable to the Board except as provided by 32 U.S.C. § 709(f)(5). 5 C.F.R. §§ 432.102(b)(16), 752.401(b)(17); *see* Probation on Initial Appointment to a Competitive Position, 87 Fed. Reg. 67765, 67782-83 (Nov. 10, 2022).

¶13 The court stated that it was undisputed that Mr. Dyer was not in a military pay status when he was terminated from dual status employment. *Id.* at 1382. Noting that National Guard membership is a "fundamental military-specific requirement attendant to dual[] status employee's military service," and the statute does not give the Adjutant General any discretion with respect to the termination of a dual status employee who has been separated from the National Guard, the court concluded that Mr. Dyer's termination from dual status employment as a result of his separation from the National Guard concerned fitness for duty in the reserve components. *Id.* The court further held that the termination fell within an exception that precludes a right of appeal to the Board pursuant to section 709(f)(4), and the Board therefore lacks jurisdiction over Mr. Dyer's appeal. *Id.* at 1384.

¶14 Similarly, here, the appellant's termination based on her separation from the National Guard concerned her fitness for duty in the reserve components. Pursuant to 32 U.S.C. § 709(f)(4), her only avenue for appeal is with the Adjutant General, and the Board lacks jurisdiction over the appeal. Accordingly, we do not address any arguments related to due process, and we exercise our discretion not to dismiss the agency's petition for review regardless of whether the agency complied with the administrative judge's interim relief order. *See Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 28 (2003).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
                          _____
                          Jennifer Everling
                          Acting Clerk of the Board
Washington, D.C.