# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RUSSELL C. PENTZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-19-0322-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE: July 18, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

John Cummings, Esquire, Columbia, South Carolina, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The agency has filed a petition for review of the initial decision, which reversed the agency's indefinite suspension of the appellant and ordered the agency to provide the appellant with interim relief if either party filed a petition for review. For the reasons discussed below, we GRANT the agency's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2      The appellant was employed by the South Carolina Army National Guard as a WG-10 Powered Support Systems Mechanic in Columbia, South Carolina. Initial Appeal File (IAF), Tab 6 at 43.  It is undisputed that he was a dual-status military technician as defined in 10 U.S.C. § 10216(a) and that, as a condition of employment, he had to be a member of the National Guard.  *Id.* at 21-26; IAF, Tab 36 at 1; *see* 32 U.S.C. § 709(b).  Additionally, the appellant's position description indicated that a condition of employment required that he "[m]ust be able to obtain and maintain the appropriate security clearance of the position."[2] IAF, Tab 6 at 25.

¶3      In a December 20, 2018 Memorandum for Record, the agency documented that the appellant's access to classified information had been suspended, pending an investigation of his alleged theft of Government property.  IAF, Tab 6 at 45. Thereafter, on January 7, 2019, the agency proposed the appellant's indefinite suspension from his position based on the suspension of his access to classified information.  *Id.* at 12-13.  After considering the appellant's January 29, 2019 written response to the proposed indefinite suspension, *id.* at 35-39, wherein he argued that the agency committed harmful error and failed to provide him with sufficient information to make an informed reply, the deciding official issued a

---

[2] In the initial decision, the administrative judge found that the appellant's position did not require a security clearance.  IAF, Tab 41, Initial Decision (ID) at 4-5.  She made this finding as a part of her analysis of the merits of the appellant's appeal of his indefinite suspension and contrary to the testimony of several witnesses that the appellant's position required a security clearance and to the appellant's position description.  ID at 2-5; IAF, Tab 6 at 25; IAF, Tab 40, Hearing Compact Disc (testimony of the proposing and deciding officials, the Commander, and a Labor Relations Specialist).  Because we recommend dismissing this appeal for lack of jurisdiction, we do not reach the question of whether the administrative judge erred in this finding.

final decision, effective February 12, 2019, finding that an indefinite suspension was appropriate, *id.* at 15-16.

¶4       The appellant appealed the indefinite suspension to the Board, asserting that the agency committed harmful error and violated his due process rights by failing to provide him with all the information the deciding official relied upon to reach his final decision.[3]   IAF, Tab 1 at 4.  In its prehearing submission, the agency asserted that the Board lacked jurisdiction over the appellant's appeal pursuant to 32 U.S.C. § 709(f)(4), which provides that a right to an appeal otherwise provided by the statute "shall not extend beyond the adjutant general of the jurisdiction concerned when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components."  IAF, Tab 32 at 6-8 (quoting 32 U.S.C. § 709(f)(4)).  In an order and summary of the prehearing conference, the administrative judge addressed the agency's challenge to the Board's jurisdiction.  IAF, Tab 36 at 1-2.  She concluded that, although the alleged theft appears to have occurred while the appellant was in a military pay status, the agency's indefinite suspension action was based on the suspension of his security clearance, not the purported theft.  *Id.* at 2.  Therefore, she concluded that the Board retains jurisdiction over his appeal, and she conducted the appellant's requested hearing.  *Id.*; IAF, Tab 40, Hearing Compact Disc (HCD).

¶5       Prior to the commencement of the hearing, the agency reiterated its position that the Board lacked jurisdiction over the appellant's appeal pursuant to 32 U.S.C. § 709(f)(4).  HCD (statements from agency counsel).  Thereafter, the administrative judge issued an initial decision finding that the agency failed to

---

3  It appears that the appellant was subsequently removed from his position for misappropriating Government property and committing larceny while in a deployed Title 10 status.  *See Pentz v. Department of the Air Force*, MSPB Docket No. AT-0752-20-0286-I-1, Initial Appeal File, Tab 1 at 12.  That removal is the basis of the appellant's appeal in *Pentz v. Department of the Air Force*, MSPB Docket No. AT-0752-20-0286-I-1.  The Board will issue a separate decision addressing the issues raised therein.

prove by preponderant evidence that it established a security clearance requirement for the appellant's position, and she reversed the appellant's indefinite suspension. IAF, Tab 41, Initial Decision (ID) at 4-5. She also ordered the agency to provide the appellant with interim relief, in accordance with 5 U.S.C. § 7701(b)(2)(A). ID at 7.

¶6 The agency has filed a petition for review, wherein it again argues that the Board lacks jurisdiction over this matter under 32 U.S.C. § 709(f)(4). Petition for Review (PFR) File, Tab 1 at 7-11. It also argues that the administrative judge erred in finding that the agency failed to prove by preponderant evidence that the appellant's position requires that he maintain eligibility for access to classified information. *Id.* at 6-7. The appellant has filed a response to the agency's petition for review and asserts that the agency failed to provide interim relief, as ordered. PFR File, Tabs 3, 5, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appeal must be dismissed for lack of jurisdiction, pursuant to 32 U.S.C. § 709.

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of establishing jurisdiction over his appeal by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶8 The National Defense Authorization Act for Fiscal Year 2017 amended existing law to provide that dual-status military technicians, such as the appellant, may appeal an adverse action to the Board when their appeals do not concern "activity occurring while the member is in a military pay status" or "fitness for duty in the reserve components." *See* 32 U.S.C. § 709(f)(4)-(5), (g); *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1381-82 (Fed. Cir. 2020). As discussed above, the administrative judge considered the question of whether the Board has jurisdiction over this appeal, but did so in a limited capacity,

concluding that, although the underlying activity that led to the suspension of the appellant's access to classified information occurred while he was in a military pay status, his indefinite suspension was based on the suspension of his access to classified information—not the underlying activity. IAF, Tab 36 at 2. Although the administrative judge is correct in her assessment of the basis for the appellant's indefinite suspension, she did not further consider, for the purposes of jurisdiction, whether the agency suspended the appellant's access to classified information while he was in a military pay status or whether it concerned his fitness for duty in the reserve components. *Id.* Thus, we consider that question here.

¶9        Section 709 defines "military pay status" as "a period of service where the amount of pay payable to a technician for that service is based on rates of military pay provided for under title 37." 32 U.S.C. § 709(j)(1). In the decision indefinitely suspending the appellant, the deciding official indicated that "[t]he Commander chose to serve the notification [regarding the suspension of the appellant's access to classified information] while [the appellant was] in a military status to coincide with the service of information related to the military investigation." IAF, Tab 6 at 16. The appellant has not denied or disputed this claim. Additionally, the proposing official testified at the hearing that she waited to propose the appellant's indefinite suspension until the appellant was notified on the military side of the suspension of his access to classified information. IAF, Tab 40, HCD (testimony of the proposing official). Based on the foregoing, we find that the appellant's appeal of his indefinite suspension concerns activity—the suspension of his access to classified information—which occurred while he was in a military pay status.[4]

---

[4] Because we find that the Board lacks jurisdiction on this basis, we need not address whether the appellant was required to maintain a security clearance, and if so, whether that requirement concerns his "fitness for duty in the reserve components" under 32 U.S.C. § 709(f)(4).

¶10    Moreover, we reiterate that it is the appellant's burden to establish Board jurisdiction by preponderant evidence. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A). In the order and summary of the prehearing conference, the administrative judge explained that, although dual-status military technicians, such as the appellant, now have adverse action appeal rights, those rights are limited to appeals that do not concern activity that occurred while they are in a military pay status or concern fitness for duty in the reserve components. IAF, Tab 36 at 2. Thus, the appellant was aware of the potential jurisdictional bars on his appeal. Although he argues in his response to the agency's petition for review that the "loss of his clearance [] occurred while [he] was in his civilian status," PFR File, Tab 6 at 7, he has not pointed to any specific part of the record establishing that point. To the contrary, as explained above, the record supports a finding that he was in a military status when his access to classified information was suspended. IAF, Tab 6 at 15; HCD (testimony of the proposing official). We, therefore, find that the appellant has failed to meet his burden to establish jurisdiction over his appeal.[5]

¶11    For the reasons set forth above, we vacate the initial decision and dismiss the appeal for lack of jurisdiction.[6]

---

[5] In light of this finding, we exercise our discretion not to dismiss the agency's petition for review regardless of whether the agency complied with the administrative judge's interim relief order. PFR File, Tabs 3, 5, 6; *see Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 28 (2003) (declining to dismiss an agency's petition for review for failure to provide interim relief when the issue of the Board's jurisdiction over the appeal was not yet resolved). To the extent the appellant's pleadings on review include a motion to dismiss the agency's petition for review based on an alleged failure to provide interim relief, such a motion is, therefore, denied.

[6] In his response to the agency's petition for review, the appellant reasserts that, even if the agency had proven its charge, it still nonetheless violated his due process rights. PFR File, Tab 6 at 6 n.3. Because we find that the Board lacks jurisdiction over this appeal, we cannot consider the appellant's due process violation claim. *See Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 16 (2011).

**NOTICE OF APPEAL RIGHTS[7]**

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.