# United States Court of Appeals
# for the Federal Circuit

---

**LEONARD G. DYER,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2019-2185

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-19-0083-I-1.

---

Decided: August 21, 2020

---

NEIL CURTIS BONNEY, Bonney, Allenberg & O'Reilly, PC, Virginia Beach, VA, argued for petitioner.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by ETHAN P. DAVIS, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; CHARLES L. YOUNG, Office of the Chief Counsel, National Guard Bureau, Arlington, VA; NADIA K. PLUTA, Office of General Counsel, United States Office of Personnel Management, Washington, DC.

---

Before PROST, *Chief Judge*, MAYER and TARANTO, *Circuit Judges*.

PROST, *Chief Judge*.

Mr. Leonard Dyer petitions for review of a decision by the Merit Systems Protection Board ("Board") affirming the West Virginia adjutant general's termination of Mr. Dyer from his position as a dual-status military technician with the U.S. Air Force.

The National Guard Technicians Act of 1968 ("NGTA") established authority for dual-status positions like Mr. Dyer's. Under 32 U.S.C. § 709, the NGTA requires dual-status technicians to maintain military membership with the National Guard. Mr. Dyer met this requirement by maintaining membership with the West Virginia Air National Guard ("WVANG") until 2018, when Mr. Dyer was separated from the WVANG. The WV adjutant general terminated his dual-status position because he no longer met the military membership requirement of his employment. Mr. Dyer appealed the termination to the Board, arguing that he was not provided the due process he is entitled to under Title 5.

A threshold issue in this petition for review is whether the Board had jurisdiction to review Mr. Dyer's termination from his dual-status position as a result of his separation from the WVANG. The Board determined that the 2017 National Defense Authorization Act ("NDAA"), which amended the NGTA in part, provided it jurisdiction. We disagree. We hold that according to 32 U.S.C. § 709, the Board does not have jurisdiction over the termination of a dual-status employee to the extent the termination was required under the statute because the employee had been separated from the National Guard. We therefore vacate the Board's decision and remand with instructions to dismiss Mr. Dyer's appeal for lack of jurisdiction. We do not reach the merits of Mr. Dyer's appeal.

BACKGROUND

I

Mr. Dyer enlisted in the WVANG in December 1979 and continued his service for thirty-seven years, ultimately reaching the rank of master sergeant. In 1990, the WV adjutant general—the highest-ranking member of the WV National Guard—appointed Mr. Dyer in his civilian capacity to a "dual status" position as a military technician supporting the state's 130th Airlift Wing Maintenance Group. The dual-status nature of Mr. Dyer's appointment reflects that his position was part civilian, as a federal employee of the U.S. Air Force, and part military, as a member of the state National Guard. As a requirement to maintain his "dual status" position, Mr. Dyer was required to continue his membership with the WVANG. *See* 32 U.S.C. § 709(b), (f)(1)(A).

In June 2017, the WVANG's Selective Retention Review Board recommended Mr. Dyer's separation from the WV National Guard. Based on this recommendation, the WV adjutant general notified Mr. Dyer that he would be separated from the WVANG at the close of the year, *i.e.*, December 31, 2017. The notice provided Mr. Dyer an opportunity to request reconsideration, which he did. On reconsideration, the adjutant general declined to overturn the separation decision but extended Mr. Dyer's term of service for an additional six months, until June 30, 2018.

On August 28, 2017, just after sending Mr. Dyer notice that he would be separated from the WVANG, the adjutant general sent a second notice notifying Mr. Dyer that upon his separation from the WVANG, his position as a dual-status technician would be terminated because he would

no longer fulfill the § 709(b) requirement of National Guard membership.  Appx. 25.[1]

On June 29, 2018, just before the expiration of his term with the WVANG, Mr. Dyer filed an age discrimination complaint with the National Guard's Equal Employment Opportunity ("EEO") office challenging his commander's recommendation to separate him from his military position with the WV National Guard.  On November 19, 2018, the EEO office dismissed Mr. Dyer's claim for failure to state a claim upon which relief could be granted.

## II

In December 2018, Mr. Dyer filed the underlying appeal with the Board.  Mr. Dyer argued that he was not provided the procedural protections of Title 5 when he was terminated from his dual-status position.  The parties agree that the Board does not have the authority to review the WV adjutant general's decision to separate Mr. Dyer from the WVANG.  *See* Oral Arg. at 00:54–01:16, No. 19-2185 (Fed. Cir. Apr. 8, 2020), http://oralarguments.cafc.uscourts.gov/default.aspx?fl=19-2185.mp3; *see also* Appellee's Br. 1.

The government moved to dismiss the appeal for lack of jurisdiction.[2]  The government argued that Mr. Dyer was not a covered employee under Title 5 because he was terminated for failure to maintain his military status and that according to § 709, this was a condition of employment over

---

[1]    Citations to "Appx." reference the appendix filed with Mr. Dyer's opening brief.  *See* Appx. 1–27.  Citations to "S.Appx." reference the supplemental appendix filed with the government's response brief.  *See* S.Appx. 28–100.

[2]    Though the caption identifies the U.S. Air Force as the respondent agency, the WV National Guard, which made the decision to terminate Mr. Dyer as a dual-status technician, defended the case below.

which the Board has no authority to review.  The administrative judge ("AJ"), however, determined that the NDAA provided Mr. Dyer coverage under Title 5.  The AJ therefore determined that it had jurisdiction over Mr. Dyer's appeal.  *See* Appx. 4–6.

The AJ next considered the merits of Mr. Dyer's appeal.  The AJ determined that Mr. Dyer was provided due process consistent with 5 U.S.C. § 7513(b).  *See* Appx. 6–7.

The initial decision became the Board's final decision and Mr. Dyer timely petitioned for our review.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

As a threshold issue, the government argues that the Board did not have jurisdiction over Mr. Dyer's appeal.  For the below-described reasons, we agree.

We review the Board's jurisdictional determinations de novo.  *Banks v. MSPB*, 854 F.3d 1360, 1361 (Fed. Cir. 2017); *see also Waldau v. MSPB*, 19 F.3d 1395, 1398 (Fed. Cir. 1994).  Evaluating the Board's jurisdiction in this case requires statutory interpretation, a question of law.  *Banks*, 854 F.3d at 1361 (citing *Ellison v. MSPB*, 7 F.3d 1031, 1034 (Fed. Cir. 1993)).

"In statutory construction, we begin 'with the language of the statute.'" *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002)).  Our "first step 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Barnhart*, 534 U.S. at 450 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).  "It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133

(2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)).

I

The National Guard Technicians Act of 1968 formally established dual-status technicians as they exist today. Pub. L. No. 90-486, 82 Stat. 755 (codified in relevant part at 32 U.S.C. § 709). Prior to the NGTA, Congress had authorized National Guard technicians, formerly called "caretakers and clerks," to provide support to the National Guard military organization. These technicians were state employees paid with federal funds, and most were members of the National Guard. Congress passed the NGTA with the purpose of converting technicians to federal employees in order to provide them with a uniform system of federal salaries and benefits, and to clarify their status as covered by the Federal Tort Claims Act. *See* H.R. Rep. No. 90-1823, at 1 (1968), *as reprinted in* 1968 U.S.C.C.A.N. 3318, 3319. Congress also intended to "recognize the military requirements and the State characteristics of the National Guard by providing for certain statutory administrative authority at the State level with respect to the technician program." *Id.*

According to § 709, "dual-status" technicians occupy a unique space between federal/state organizations and civilian/military status. Dual-status technicians work in a variety of roles with National Guards but are designated employees of the U.S. Army or Air Force. *See* 32 U.S.C. § 709(a). Even though dual-status technicians are federal employees, authority over dual-status technicians, including all hiring and firing decisions, remains with the National Guard at the state level. *Id.* § 709(d), (f)(1).

To be employed as a dual-status technician, among other requirements, the civilian must be a military member of the National Guard. *See id.* § 709(b)(2). The language of the statutory provision is clear that the state adjutant general must "promptly separate[] from military

technician (dual status) employment" any dual-status technician who has been separated from the National Guard. *Id*. § 709(f)(1)(A).

As provided by the NGTA, under § 709(f)(4), all rights of appeal were previously limited to the state adjutant general for terminations resulting from separations under § 709(f)(1)(A) due to failure to maintain National Guard membership. Section 709(f)(4) of Title 32 stated:

> (f) Notwithstanding any other provision of law . . .

> (4) a right of appeal which may exist with respect to paragraph (1) . . . shall not extend beyond the adjutant general of the jurisdiction concerned; . . . .

32 U.S.C. § 709(f)(4) (2015).

Further, according to the NGTA, § 709 previously excluded dual-status technicians from certain protections of Title 5. Relevant here, the statute provided that § 7511 of Title 5 did not apply to a person employed as a dual-status technician. *Id*. § 709(g). Section 7511 defines "employee" for the purpose of Title 5 to specify which persons are entitled to its protections and may appeal to the Board. Consistent with the NGTA, § 7511 expressly excluded dual-status technicians from the definition of an "employee" covered by Title 5. *See* 5 U.S.C. § 7511(b)(5) (2015).

In December 2016, Congress passed the 2017 National Defense Authorization Act to "clarify" that dual-status technicians, "under certain conditions, may appeal adverse employment actions to the Merit Systems Protection Board and Equal Employment Opportunity Commission." *See* H.R. Rep. No. 114-840, at 1016–17, 2016 WL 7042751 (2016). The NDAA amended portions of the NGTA and one portion of 5 U.S.C. § 7511. *See* 2017 NDAA, Pub. L. No. 114-328, §§ 512, 513, 130 Stat. 2000, 2112–13 (2016) (codified at 32 U.S.C. § 709).

As amended, § 709 maintains the requirements that dual-status technicians must be members of the National Guard, § 709(b)(2), and that the adjutant general must "promptly separate[]" from dual-status employment a technician who is separated from the National Guard, § 709(f)(1).    The NDAA, however, added a clause to § 709(f)(4) limiting the prohibition on appeal rights.  Section 709(f)(4) now states:

> (f) Notwithstanding any other provision of law . . .

> (4) a right of appeal which may exist with respect to paragraph (1) . . . shall not extend beyond the adjutant general of the jurisdiction concerned <u>when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components</u> . . . .

32 U.S.C. § 709(f)(4) (2016) (emphasis added reflecting added language).  The NDAA defined the term "fitness for duty in the reserve components," as referring "only to military-unique service requirements that attend to military service generally, including service in the reserve components or service on active duty."  *Id.* § 709(j).

The NDAA also amended sections related to Title 5 to allow dual-status employees to be covered in some circumstances.    The NDAA added paragraph (5) to § 709(f), providing that certain provisions of Title 5—including §§ 7511, 7512, and 7513—"shall apply" to "an appeal concerning any activity not covered by paragraph (4)." 32 U.S.C. § 709(f)(5) (2016). Section 709(g) was also amended to provide that dual-status technicians remain excluded from §§ 7511 and 7512, among other sections of Title 5, "[e]xcept as provided in subsection (f)."  *Id.* at § 709(g).    And, consistent with this change, the NDAA amended Title 5 to eliminate the categorical exclusion of dual-status technicians from the definition of "employee" subject to Board jurisdiction.  *See* 5 U.S.C. § 7511(b) (2016).

## II

The government argues that the NGTA precludes Board review of the WV adjutant general's decision to terminate Mr. Dyer from his dual-status position in this case. According to the government, the NGTA required the adjutant general to "promptly separate[]" Mr. Dyer from his dual-status position once he had been separated from the WVANG. Appellee's Br. 22 (citing 32 U.S.C. § 709(f)(1)(A) (emphasis removed)). The government acknowledges that the NDAA afforded dual-status technicians Board review rights in some cases but asserts that the changes do not confer review rights in this case. *See* Appellee's Br. 23–24. The government argues that here the statute precludes a right to appeal beyond the state adjutant general because Mr. Dyer's separation "concern[ed] fitness for duty in the reserve components." *Id.* at 22–23 (citing 32 U.S.C. § 709(f)(4)).

We agree with the government that the Board does not have jurisdiction to review the adjutant general's separation of Mr. Dyer from his dual-status position in this case.

As an initial matter, we agree that, in passing the NDAA, Congress intended for dual-status technicians to be able to invoke review rights under Title 5 in some actions. *See* 32 U.S.C. § 709(f)(4)–(5). Before the NDAA, the express language of the NGTA precluded a right of appeal for a variety of adverse actions taken by the adjutant general with respect to dual-status employment. *See* 32 U.S.C. § 709(f) (2015). And the NGTA expressly excluded dual-status employees from certain Title 5 protections, including the ability to appeal adverse employment actions to the Board. *See id.* § 709(f), (g) (2015).

Following the NDAA, however, the statute has been clarified to allow civilian dual-status technicians to appeal some adverse employment actions to the Board. *See* H.R. Rep. No. 114-840, at 1016–17. Indeed, rather than broadly excluding Title 5 as before, the statute now takes the

opposite approach. Dual-status technicians may now be considered "employees" under Title 5, thereby providing a right of appeal, except as limited by § 709(f). Specifically, § 709(f) excludes a dual-status technician from Title 5's definition of "employee" and thus precludes a right of appeal when the employment action (1) "concerns activity occurring while the member is in a military pay status" or (2) "concerns fitness for duty in the reserve components." 32 U.S.C. § 709(f)(4) (2017). As amended, the statute provides that "fitness for duty in the reserve components" means "military-unique service requirements that attend to military service generally." *Id*. § 709(j)(2) (2017).

In this case, there appears to be no dispute that Mr. Dyer was not in military pay status when he was terminated from dual-status employment. The WV adjutant general explained that Mr. Dyer was terminated from his dual-status position because, once separated from the WVANG, he no longer met a requirement of his employment. Appx. 25 (citing § 709(a)). The relevant question therefore becomes: Did Mr. Dyer's termination from dual-status employment as a result of separation from the National Guard "concern[] fitness for duty in the reserve components"? We conclude that it did.

Looking first to the language of the statute, it is clear that membership in the National Guard is a fundamental military-specific requirement attendant to a dual-status employee's military service. As previously described, § 709(b) provides that a person employed as a dual-status technician must meet several requirements, including being "a member of the National Guard." 32 U.S.C. § 709(b)(2) (2017).

National Guard membership is central to the military function of a "dual-status" technician. Beyond mere membership, the provision requires a dual-status technician to hold a particular military grade, and, while performing duties as a dual-status technician, to "wear the uniform

appropriate for the member's grade and component of the armed forces." *Id.* § 709(b)(3)–(4).  Notably, if a dual-status technician is not a member of the National Guard, he cannot fulfill these additional requirements prescribed by statute.[3]

Our interpretation is further confirmed by the remainder of the statute.  Section 709 instructs that the adjutant general must "promptly separate[]" from dual-status employment any technician who has been separated from the National Guard.  *Id.* § 709(f)(1)(A) (2017).  The statute does not provide the adjutant general any discretion with respect to termination of a dual-status employee that has been separated from the National Guard.  Nor does the statute take into account the reason for separation.  Even the parties agree that the Board does not have jurisdiction to review Mr. Dyer's separation from the WVANG.[4]  Thus, accepting that a separation has occurred, termination from dual-status employment is required.

Furthermore, with respect to notice required for termination under § 709(f), the statute contemplates exactly this case.    Paragraph 6 of subsection (f) describes a

---

[3]    We do not mean to suggest the only "military-specific requirements" are those prescribed by statute.  Rather, looking to the language of the statute, we find that ability to meet at least those "military-specific requirements" included in the statute must "concern[] fitness for duty."

[4]    Though Mr. Dyer cannot seek review of his military separation from the Board, Mr. Dyer was not without any opportunity for review of that decision.  Mr. Dyer was provided the opportunity to respond to the initial retirement recommendation, *see* Appx. 22–23, and the opportunity to request reconsideration of the subsequent separation decision, *see* Appx. 24.  Notably, this review came from within the National Guard.

circumstance in which a decision to separate a technician from the National Guard will result in termination of his dual-status employment. 32 U.S.C. § 709(f)(6) (2017). The statute provides that in such circumstances, the employee shall be given at least 30 days written notice of his termination of employment. The statute does not provide an opportunity to respond or to request reconsideration.[5]

Mr. Dyer's limited argument to the contrary is not persuasive. To the extent that Mr. Dyer argues the Board has jurisdiction, he relies on the AJ's conclusion that the Board may review his appeal as a failure to maintain a condition of employment. *See* Appellant's Br. 10–11; Oral Arg. at 01:30–02:20, 06:33–08:01; *see also* Appx. 6. As support, both the AJ and Mr. Dyer cite *Department of the Navy v. Egan*, 484 U.S. 518 (1988). In *Egan*, the Supreme Court considered the removal of an employee "for cause" because he had failed to maintain a security clearance that was a condition of his employment. *Id.* at 520. The Court concluded that even though the Board could not review the underlying decision to deny security clearance, the Board had jurisdiction to review his removal. *See id.* at 530–31. *Egan*, however, is inapposite here. As an initial matter, *Egan* did not consider § 709 at all. Furthermore, unlike in *Egan*,

---

[5]    The procedural rights provided by § 709(f) are inconsistent with those provided by § 7513 of Title 5, which further requires an opportunity to respond or appear at a hearing. Having expressed that there are circumstances when the protections of § 7513 would apply to a dual-status employee, but declining to apply such protections to terminations under § 709(f)(1), the statute suggests that Congress did not intend for the protections of Title 5 to apply to terminations under § 709(f)(1). The most consistent reading of the statute therefore precludes Board review when the adverse employment action was required by § 709(f)(1).

Mr. Dyer's termination was not "for cause."  *See* Appx. 24. Instead, Mr. Dyer's termination was compelled by statute due his failure to meet a requirement of employment provided for by statute.  Thus, *Egan* does not change our interpretation of § 709 in this case.

Accordingly, we conclude that Mr. Dyer's termination from dual-status employment under § 709(f)(1) as a result of his separation from the National Guard "concern[ed] fitness for duty."  We therefore conclude that Mr. Dyer's termination falls within an exception precluding a right of appeal to the Board under § 709(f)(4).

CONCLUSION

For the above-described reasons we hold that according to 32 U.S.C. § 709, the Board does not have jurisdiction over the termination of a dual-status employee to the extent the termination was required under the statute because the employee had been separated from the National Guard.  We therefore vacate the Board's decision and remand to the Board with instructions to dismiss Mr. Dyer's appeal for lack of jurisdiction.

**VACATED AND REMANDED**

COSTS

The parties shall bear their own costs.