**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL L. HERROD,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
PH-0752-19-0250-I-1

DATE: August 18, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Jeffrey S. Chang</u>, Concord, New Hampshire, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        The Adjutant General of the New Hampshire Air National Guard (NHANG) employed the appellant as a GS-9 Command and Control Specialist.  Initial Appeal File (IAF), Tab 4 at 8.  The appellant was employed as a dual status technician pursuant to 32 U.S.C. § 709.  IAF, Tab 4 at 8-9.  In the position, the appellant was required to meet the following conditions of employment:  (1) be a dual status military technician as defined in 10 U.S.C. § 10216(a); (2) be a member of the National Guard; (3) hold the military grade specified by the Secretary concerning that position; and (4) wear the appropriate military uniform while performing duties as a dual status military technician.  32 U.S.C. § 709(b); *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1383 (Fed. Cir. 2020).

¶3        The appellant's NHANG enlistment contract ended on April 26, 2019.  IAF, Tab 28 at 14.  The appellant's NHANG unit commander found that the appellant "did not meet the standard required by [Air Force Instruction] 36-2606 and was unfit to continue to serve in the [NHANG]."  *Id.*  Accordingly, the unit commander did not select the appellant for reenlistment and, effective April 26, 2019, he was honorably discharged from the NHANG and the Air Force Reserve.  *Id.* at 14, 20.  The appellant was thus also separated from his Command and Control Specialist position, effective April 26, 2019, due to the involuntary loss of his military membership.  IAF, Tab 1 at 10, Tab 28 at 23, 166.

¶4        The appellant filed this appeal of his separation, arguing that there was "no basis for the agency's action" and that he was denied due process.  IAF, Tab 1 at 4.  The agency filed a motion to dismiss, arguing, as relevant here, that the Board is without jurisdiction to hear his appeal because his separation was based entirely upon his loss of his military membership, which was in turn based on his fitness for duty in the NHANG.  IAF, Tab 5 at 8-9, 13.  In such a case, the agency argued, the appellant's removal is appealable only to the NHANG's Adjutant General.  *Id.*

¶5        The appellant withdrew his request for a hearing and the administrative judge issued an initial decision based on the written record. IAF, Tab 23 at 4, Tab 31, Initial Decision (ID). She found that, pursuant to the National Defense Authorization Act for Fiscal Year 2017 (NDAA for 2017), the appellant was a chapter 75 employee, and thus the Board had jurisdiction over his separation. ID at 3-4. She determined that he was separated based on a charge of failure to meet a condition of employment—in this case, the maintenance of his military status. ID at 4. The administrative judge found that she was precluded from reviewing the merits of the agency's determination regarding the appellant's loss of military membership but not whether the appellant, as a covered employee, was denied constitutional due process. ID at 4. She determined that the agency denied the appellant his due process rights when it failed to provide an opportunity to respond to its separation notice. ID at 4-5. As a result, the administrative judge reversed the removal action, and ordered the agency to cancel the removal and retroactively restore the appellant, effective April 26, 2019.[2] ID at 5.

¶6        The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response opposing the agency's petition for review, and the agency has filed a reply. PFR File, Tabs 3-4. With the permission of the Acting Clerk of the Board, the agency has also filed a supplemental pleading, arguing that the decision that the U.S. Court of Appeals for the Federal Circuit has issued in *Dyer*, 971 F.3d 1377, is dispositive. PFR File, Tabs 6, 8-9. The appellant has not responded to this submission.

---

[2] The administrative judge did not order the agency to provide interim relief pursuant to 5 U.S.C. § 7701(b)(2)(A).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board lacks jurisdiction over this appeal pursuant to 32 U.S.C. § 709 because it concerns the appellant's fitness for duty in the reserve components.</u>

¶7     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of establishing jurisdiction over his appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶8     The agency argues that the administrative judge erred in finding that dual status military technicians, such as the appellant, are considered tenured Federal employees with adverse action appeal rights regardless of the basis upon which the adverse action at issue was taken.  PFR File, Tab 1 at 19-20.  For the following reasons, we agree that the administrative judge erred by finding that the Board has jurisdiction over this appeal even though the appellant was separated because he lost his military membership.

¶9     The administrative judge correctly found that the NDAA for 2017 provided dual status technicians with the right to appeal some adverse actions, such as removals, to the Board.  32 U.S.C. § 709(f)(5); *Dyer*, 971 F.3d at 1382; *see also* 5 U.S.C. § 7512(1)-(5) (identifying the adverse actions that a Federal employee may appeal to the Board under chapter 75).  However, this right is limited.  *Dyer*, 971 F.3d at 1382.  Specifically, section 709(f)(4) provides that personnel decisions that "concern[]" a dual status technician's "fitness for duty in the reserve components" are appealable only to the adjutant general of the jurisdiction concerned.[3] 32 U.S.C. § 709(f)(4), (g)(1).

---

[3] The NDAA for 2017 limits dual status National Guard Technician appeals of most agency actions to the adjutant general of the relevant jurisdiction when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components.  32 U.S.C. § 709(f)(4).  The law affords appeal rights pursuant to 5 U.S.C. §§ 7511-7513 concerning any activity not covered by subsection (f)(4).  32 U.S.C. § 709(f)(5).  Office of Personnel Management regulations implementing the NDAA for 2017, which became effective on December 12, 2022, state

¶10 After the initial decision was issued in this matter, the Federal Circuit issued its decision in *Dyer*, 971 F.3d 1377. There, the court held that under 32 U.S.C. § 709, "termination of dual-status employment . . . as the result of separation from the National Guard" necessarily concerns fitness for duty in the reserve components. *Dyer*, 971 F.3d at 1382-84 (citing 32 U.S.C. § 709(b), (f)(1)(A), (f)(4), (f)(6)). As a result, it concluded that the Board does not have jurisdiction over such a termination. *Id.* at 1384. Here, the appellant was terminated from his dual status technician position because of the loss of his membership in the NHANG. IAF, Tab 1 at 10, Tab 28 at 23, 166. Thus, under the court's reasoning in *Dyer*, as well as the applicable statute, we find that the Board lacks jurisdiction over his termination.

¶11 The appellant's attorney argues on review that Air National Guard members may not be selected for reenlistment for reasons other than their fitness for duty, such as a lack of need in a specific career field due to the Air National Guard's own over-hiring or changes in new aircraft that leave certain members' skills obsolete. PFR File, Tab 3 at 5-6. The appellant's argument is not persuasive. Termination from dual status employment on the basis of loss of National Guard membership concerns fitness for duty in a reserve component regardless of the "reason for separation" from the National Guard. *Dyer*, 971 F.3d at 1383-84. Thus, it follows that the Board lacks jurisdiction regardless of the reason. 32 U.S.C. § 709(f)(4), (g)(1).

¶12 The appellant's attorney also argues that the Board has jurisdiction because the Board may review his appeal as a failure to maintain a condition of employment, relying on the U.S. Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988). PFR File Tab 3 at 7. In *Egan*, the Court held

_____

that adverse actions and performance-based removals or reductions in grade of dual status National Guard Technicians are not appealable to the Board except as provided by 32 U.S.C. § 709(f)(5). 5 C.F.R. §§ 432.102(b)(16), 752.401(b)(17); *see* Probation on Initial Appointment to a Competitive Position, 87 Fed. Reg. 67,765, 67,782-83 (Nov. 10, 2022).

that the Board has limited authority to review whether an agency observed the procedural protections of 5 U.S.C. § 7513 when taking an adverse action under 5 U.S.C. chapter 75 for reasons pertaining to a negative security clearance determination. *Egan*, 484 U.S. at 531. The court in *Dyer* found that *Egan* was inapposite to the removal of a dual status technician based on loss of National Guard membership. *Dyer*, 971 F.3d at 1383-84. The court reasoned that *Egan* did not concern 32 U.S.C. § 709 "at all," and Mr. Dyer's termination was not "for cause" but was "compelled by statute due [to] his failure to meet a requirement of employment provided for by statute." *Dyer*, 971 F.3d at 1383-84.

¶13     Because we conclude the Board lacks jurisdiction over the instant appeal, we vacate the initial decision and dismiss this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

This is the Board's final decision in this matter. 5 C.F.R. § 1201.113(c). You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.