**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RILEY C. KEEHR, <br>        Appellant, | DOCKET NUMBER <br> CH-0752-19-0520-I-2 |
|     v. | |
| DEPARTMENT OF THE ARMY, <br>        Agency. | DATE: April 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

David D. Gorman, Springfield, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, after full consideration of the appellant's appeal, we VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

The following facts are undisputed unless otherwise indicated. The appellant is employed as a dual status military technician with the Illinois Army and Air National Guard. *Keehr v. Department of the Army*, MSPB Docket No. CH-0752-19-0520-I-1 Initial Appeal File (IAF) Tab 5 at 12. As a dual status military technician, as defined in 10 U.S.C. § 10216(a), he was required to be a member of the National Guard. *Id.* at 5, 12; *see* 32 U.S.C. § 709(b). On May 30, 2019, the Governor of Illinois and the Adjutant General of the Illinois National Guard ordered the appellant to State Active Duty (SAD) to help protect communities along the Illinois and Mississippi rivers from rising flood waters. IAF, Tab 5 at 5, Tab 8 at 15-16. The order indicated that the appellant's effective dates of SAD were from May 30, 2019, through June 9, 2015.[2] IAF, Tab 8 at 15.

On June 9, 2019, while on SAD, the appellant was arrested by local police for an incident that occurred during the early morning hours of that day and was ultimately charged with aggravated battery and battery, two crimes under Illinois

---

[2] The record includes two SAD orders dated the same day. IAF, Tab 8 at 15-16. One provides that the effective dates of the service are from May 30, 2019, through June 14, 2019, and the second SAD order shows the effective dates of the appellant's service as from May 30, 2019, through June 9, 2019. *Id.*

law for which a sentence of imprisonment can be imposed. IAF, Tab 5 at 5-6, Tab 6 at 7, Tab 7 at 30. Thereafter, the appellant was released from active military duty. IAF, Tab 6 at 7, 9, 15. As a result, the agency proposed the appellant's indefinite suspension on July 9, 2019, based on a charge of conduct unbecoming a National Guard technician, citing his June 9, 2019 arrest while on SAD for "flood duty" with the Illinois National Guard. *Id.* at 7. Following a response from the appellant, IAF, Tab 5 at 23, the deciding official sustained the proposed action based on the reasons set forth in the proposal notice and imposed the appellant's indefinite suspension, effective August 9, 2019, *id.* at 12, 14.

The appellant timely filed an appeal of his indefinite suspension with the Board, arguing that he was not guilty of any wrongdoing.[3] IAF, Tab 1 at 4. The appellant subsequently withdrew his initial request for a hearing, *id.* at 2; *Keehr v. Department of the Army*, MSPB Docket No. CH-0752-19-0520-I-2 Appeal File (I-2 AF), Tab 12 at 1, and the administrative judge decided the appeal on the written record, I-2 AF, Tab 13, Initial Decision (ID) at 1. In the initial decision, the administrative judge discussed the circumstances under which an agency may impose an indefinite suspension, noting that one such circumstance is when the agency has reasonable cause to believe an employee has committed a crime for which a sentence of imprisonment could be imposed. ID at 3 (citing *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 5 (2016)). She concluded that the agency proved that it had reasonable cause to indefinitely suspend the appellant, despite his decision to waive his right to a preliminary hearing. ID at 4-5. She further found that the appellant's suspension had an ascertainable end, that it bore a nexus to the efficiency of the service, and that it

---

[3] On October 1, 2019, the administrative judge dismissed the appellant's initial appeal without prejudice and with leave to refile after the final disposition of his criminal case. IAF, Tab 13. On November 13, 2019, the appellant pled guilty to the charge of disorderly conduct and was sentenced to 4 days incarceration with credit for the 2 days he had served immediately following his arrest. *Keehr v. Department of the Army*, MSPB Docket No. CH-0752-19-0520-I-2, Appeal File (I-2 AF), Tab 4 at 6-11. On November 15, 2016, the appellant refiled his appeal. I-2 AF, Tab 1.

was a reasonable penalty. ID at 5-7. Accordingly, she affirmed the appellant's indefinite suspension. ID at 8.

The appellant has filed a petition for review of the initial decision, wherein he argues that his waiver of the preliminary hearing prevented the agency from establishing reasonable cause and that, therefore, the agency's indefinite suspension action was improper. Petition for Review (PFR) File, Tab 1 at 4-5. He further argues that, even if the agency had reasonable cause once he waived his right to a preliminary hearing, it could not show that it had reasonable cause to indefinitely suspend him at the time it proposed the action, which was before the appellant waived the preliminary hearing. *Id.* at 5. The agency has responded to the appellant's petition for review. PFR File, Tab 3. While the appellant's petition for review was pending before the Board, the Board recognized that there may be a question of whether it has jurisdiction to hear this matter in the first instance, explained to the parties the question at issue, and provided them with an opportunity to brief the jurisdictional question. PFR File, Tab 4. Both parties filed submissions on the question of jurisdiction. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

We vacate the initial decision and dismiss the appellant's appeal for lack of jurisdiction under 32 U.S.C. § 709.

As a limited jurisdiction tribunal whose authority to act is derived from statute and regulation, the Board is obligated to satisfy itself that it has jurisdiction over the action before it. *See Cooley v. U.S. Postal Service*, 68 M.S.P.R. 353, 357 (1995). The Board will not act when it lacks statutory or regulatory authority and may raise the matter of jurisdiction at any time in the proceedings. *Id.* We, therefore, examine the issue of whether the action being appealed in the first instance, here, the appellant's indefinite suspension, is within our jurisdiction. *See id.*

In *Dyer v. Department of the Air Force*, the U.S. Court of Appeals for the Federal Circuit explained that the National Defense Authorization Act for Fiscal

Year 2017 amended existing law to provide that dual status military technicians, such as the appellant, may appeal an adverse action under chapter 75 to the Board only when their appeals do not concern "activity occurring while the member is in a military pay status" or "fitness for duty in the reserve components." 971 F.3d 1377, 1381-82 (Fed. Cir. 2020); *see* 32 U.S.C. § 709(f)(4)-(5), (g). In an order regarding jurisdiction, the Acting Clerk of the Board informed the parties that, because it was undisputed that the appellant was on SAD by order of the Governor of Illinois and the Adjutant General between May 30, 2019, and June 9, 2019, and the appellant was arrested while on SAD on June 9, 2019, it appeared the Board may lack jurisdiction based on his military pay status under 32 U.S.C. § 709(f)(4).[4] PFR File, Tab 4. After informing the appellant that he bears the burden of establishing jurisdiction over his appeal, *id.* at 3 (citing 5 C.F.R. § 1201.56(b)(2)(i)(A)), the Acting Clerk of the Board issued an order for him to submit evidence and argument regarding Board jurisdiction, *id.* The order also instructed the agency to submit all evidence it had regarding jurisdiction, such as pay records reflecting the appellant's pay status for each day during the time period in question and records showing the appellant's military service status for each day during the time period in question, and to submit argument on the subject. *Id.*

The appellant responded to the Board's order on jurisdiction, stating that, because he was activated and served as part of the SAD, he was "not working in a military pay status."[5] PFR File, Tab 5 at 4. He further states that he was "working for the State and received his payment from the State." *Id.* at 4-5. As stated above, the appellant bears the burden of proof on jurisdiction. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A). Although the appellant asserts that he was not working in a military pay status, it is undisputed that he was on SAD, and he has not

[4] It does not appear that the question of jurisdiction was raised below.

[5] The agency also responded to the order on jurisdiction, but it did not submit any of the documentation requested by the Board. PFR File, Tab 6.

provided any evidence to support his assertion that being on SAD does not constitute being in a military pay status, despite bearing the burden and having been provided with the opportunity to do so. PFR File, Tab 5.

Further, the source of his payment—whether he was paid by the Federal Government or the State of Illinois—is not relevant to the question of his pay status under section 709. Indeed, subsection (j)(1) of section 709—the section that sets forth the limited appeal rights for dual status technicians—defines "military pay status" as "a period of service where the amount of pay payable to a technician for that service is based on *rates* of military pay provided for under title 37." 32 U.S.C. § 709(j)(1) (emphasis added). Here, the agency indicated in its response to the order regarding jurisdiction that the governing state provision for the appellant's SAD pay is 20 I.L.C.S. § 1805/49, which concerns "[a]ctive service pay for enlisted personnel" for the Illinois's Department of Military Affairs.[6] PFR File, Tab 6 at 4; *see* 20 I.L.C.S. § 1805/49. That provision provides that "[w]hen in active service of the State, under orders of the Commander-in-Chief, enlisted personnel of the Illinois National Guard shall receive all pay as provided by law for enlisted personnel of the armed forces of the United States of like grade and longevity." *See* 20 I.L.C.S. § 1805/49. In other words, the applicable statute for the appellant's pay as a National Guardsman for the State of Illinois provides that his pay rate for his service is based on the same rates as the armed forces of the United States. *See id.* In the U.S. Code, Title 37 governs pay and allowances of the uniformed services of the United States. *See* 37 U.S.C. §§ 203, 206. Thus, because 32 U.S.C. § 709(j)(1)—the section defining "military pay status"—defines that term as a period of service for which an individual is paid based on the rates set forth in Title 37, we find that the appellant's pay for his National Guard service for the time period in

---

[6] Because the applicable state statute is one that can be independently found and verified, we take official notice of it. *See* 5 C.F.R. § 1201.64 (explaining that "[o]fficial notice is the Board's or judge's recognition of certain facts without requiring evidence to be introduced establishing those facts").

question, as provided for in 20 I.L.S.C. § 1805/49, brings him within the definition of "military pay status" as set forth in 32 U.S.C. § 709(j)(1). The appellant's assertion to the contrary, without any supporting evidence and a dearth of analysis, does not overcome the plain meaning of the statutes. PFR File, Tab 5 at 4. Accordingly, we find that the appellant has failed to prove that he was not in a "military pay status" while on SAD and during the time which the activity at issue in his appeal occurred, namely, his June 9, 2019 arrest. Accordingly, he has failed to prove the Board's jurisdiction over his appeal. *See* 32 U.S.C. § 709(f)(4)-(5), (g).

Based on the foregoing, we vacate the initial decision and dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.