## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ADAM C. HARPER,
      Appellant,

    v.

DEPARTMENT OF THE AIR FORCE,
      Agency.

DOCKET NUMBER
PH-0752-19-0191-I-1

DATE: January 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

William B. Dorsey, Esquire, Charleston, West Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which affirmed the appellant's separation. For the reasons discussed below, we DENY the petition for review, GRANT the cross petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The agency employed the appellant pursuant to 32 U.S.C. § 709(a) as an Aircraft Mechanic for the 130th Maintenance Group in Charleston, West Virginia. Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 26, 34. In the position, the appellant was required to meet the following conditions of employment: (1) be a dual status military technician as defined in 10 U.S.C. § 10216(a); (2) be a member of the National Guard; (3) hold the military grade specified by the Secretary concerned for that position; and (4) wear the appropriate military uniform while performing duties as a dual status military technician. 32 U.S.C. § 709(b); *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1383 (Fed. Cir. 2020).

The appellant was a member of the West Virginia Air National Guard (WVANG). The appellant's military chain of command submitted a recommendation to the Air National Guard Selective Retention Review Board (SRRB) that he be non-retained because (1) he had been a Master Sergeant for a number of years and failed to meet the military requirement for promotion to the next higher grade; (2) he was holding up other unit members for promotion; (3) he failed to maintain Air Force physical fitness standards; (4) his failure to meet military standards would likely cause him to lose rank; and (5) his failure to maintain standards had become a poor example to peers and subordinates. IAF, Tab 7 at 36-37. The SRRB met and did not approve the appellant's retention in the WVANG. *Id.* at 41. The Adjutant General notified the appellant that, as a consequence of the SRRB's decision, he would be separated from the WVANG effective December 31, 2018. *Id.* at 41. The appellant requested that the Adjutant General reconsider the decision. *Id.* at 46. The Adjutant General considered the appellant's request and upheld the SRRB's decision not to retain him. *Id.* at 47-48, 51. The WVANG separated the appellant effective December 31, 2018. *Id.* at 51, 53. On February 7, 2019, a Human Resources Officer in the Adjutant General's office notified the appellant that, as a

consequence of his separation from the WVANG, he would be separated from his dual status military technician employment, due to the loss of his military membership, 30 days from his receipt of the letter. *Id.* at 43-44. The agency separated the appellant effective March 8, 2019. *Id.* at 34.

The appellant filed the instant appeal. IAF, Tab 1. He withdrew his request for a hearing. IAF, Tab 3 at 3. The agency moved to dismiss the appeal for lack of jurisdiction, and the appellant filed a response. IAF, Tabs 7-8. The administrative judge subsequently issued a close of record order, and the parties made their final submissions. IAF, Tabs 9-11.

On the written record, the administrative judge found that pursuant to the National Defense Authorization Act for Fiscal Year 2017 (NDAA for 2017), the appellant was a 5 U.S.C. chapter 75 employee, and thus, the Board had jurisdiction over his separation. IAF, Tab 12, Initial Decision (ID) at 3-5. He determined that the appellant was separated based on a charge of failure to meet a condition of employment—in this case, the maintenance of his military status. ID at 4. The administrative judge found that he was precluded from reviewing the merits of the agency's determination regarding the appellant's loss of military membership but not whether the appellant, as a covered employee, was denied constitutional due process. ID at 4, 6. He found that the agency did not deny the appellant due process because the deciding official considered the appellant's written reply to the proposed removal in reaching his decision. ID at 5-6. The administrative judge further found that the agency's procedural error in failing to afford the appellant an oral reply was harmless because the appellant failed to prove that the agency would not have separated him if he had provided an oral reply. ID at 5-6. As a result, he affirmed the separation. ID at 5-6 (citing 32 U.S.C. § 709(f)(1)).

In his petition for review, the appellant reargues his due process claim, alleging that the deciding official failed to afford him an oral reply and failed to consider his written reply. Petition for Review (PFR) File, Tab 1 at 4-9. The

agency has filed a response to the appellant's petition for review and a cross petition for review in which it argues, in pertinent part, that the administrative judge erred in finding jurisdiction over the appeal.  PFR File, Tab 3 at 6-14.  The appellant filed a reply to the agency's response to his petition for review and a response to the agency's cross petition for review.  PFR File, Tabs 6-7.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board lacks jurisdiction over this appeal pursuant to 32 U.S.C. § 709 because it concerns the appellant's fitness for duty in the reserve components.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of establishing jurisdiction over his appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

The sum and substance of the agency's argument in its cross petition for review is that the administrative judge erred in not dismissing the appeal for lack of jurisdiction because the appeal concerned the appellant's fitness for duty in a reserve component.  PFR File, Tab 3 at 6-14.  After the administrative judge issued his initial decision, the U.S. Court of Appeals for the Federal Circuit issued its decision in *Dyer*, 971 F.3d 1377.  In light of that decision, we agree with the agency that the Board lacks jurisdiction over this appeal.

---

[2] On review, both parties resubmitted documentation that was already part of the record below.  *Compare* PFR File, Tab 1 at 11-35, *with* IAF, Tab 8 at 8-33; *compare* PFR File, Tab 3 at 19-50, *with* IAF, Tab 7 at 17-44, 47-49; *compare* PFR File, Tab 4 at 5, 7, *with* IAF, Tab 7 at 46, 51.  Evidence that is already part of the record is not new evidence that warrants granting review.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *see* 5 C.F.R. § 1201.115(d) (identifying new and material evidence as a basis on which the Board may, in appropriate circumstances, grant review).  In any event, we have considered all of the evidence in the record that relates to the Board's jurisdiction, regardless of when it was submitted.  *See Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015) (explaining that the issue of Board jurisdiction is always before the Board and may be raised at any time), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016).

The administrative judge correctly found that the NDAA for 2017 provided dual status technicians with the right to appeal some adverse actions, such as removals, to the Board. 32 U.S.C. § 709(f)(5); *Dyer*, 971 F.3d at 1382; *see* 5 U.S.C. § 7512(1)-(5) (identifying the adverse actions that a Federal employee may appeal to the Board under chapter 75). However, this right is limited. *Dyer*, 971 F.3d at 1382. Specifically, as relevant here, actions that "concern[]" a dual status technician's "fitness for duty in the reserve components" are appealable only to the adjutant general of the jurisdiction concerned. 32 U.S.C. § 709(f)(4), (g)(1).

In *Dyer*, the court held that under 32 U.S.C. § 709, "termination of dual-status employment as a result of separation from the National Guard" necessarily concerns fitness for duty in the reserve components. *Dyer*, 971 F.3d at 1382-84 (citing 32 U.S.C. § 709(b), (f)(1)(A), (f)(4), (f)(6)). As a result, it concluded that the Board does not have jurisdiction over such a termination. *Id.* at 1384. Here, the appellant was terminated from his dual status technician position because of loss of his membership in the WVANG. IAF, Tab 7 at 43-44. Thus, under the court's reasoning in *Dyer*, we find that the Board lacks jurisdiction over his termination.

The administrative judge erred in finding that the Board has jurisdiction because the Board may review the appellant's separation as a failure to maintain a condition of employment, relying on the U.S. Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988). ID at 4. In *Egan*, the Court held that the Board has limited authority to review an adverse action under 5 U.S.C. chapter 75 for reasons pertaining to a negative security clearance determination. *Egan*, 484 U.S. at 530-31. However, the court in *Dyer* found that *Egan* was "inapposite" to the removal of a dual status technician based on loss of National Guard membership. *Dyer*, 971 F.3d at 1383-84. The court reasoned that *Egan* did not concern 32 U.S.C. § 709 "at all" and Mr. Dyer's termination was not "for cause," as in *Egan*, but was "compelled by statute due [to] his failure to meet

a requirement of employment provided for by statute." *Dyer*, 971 F.3d at 1383-84.

Accordingly, we vacate the initial decision and dismiss the appeal for lack of jurisdiction. In light of our findings here, we do not address any of the appellant's arguments related to due process or the merits of his discharge from the WVANG.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      *Jennifer Everling*
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.